UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No: 25-cr-10377-DJC |
| | ) | |
| NNAMDI OPARA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Defendant Nnamdi Opara pled guilty to two counts of bank fraud, in violation of 18 U.S.C. § 1344, and five counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). This Court scheduled sentencing for the Defendant for February 25, 2026. For the reasons set forth below and to be articulated at the sentencing hearing, the Government believes that a sentence of 12 months and one day imprisonment, a fine within the Guidelines sentencing range if the Defendant is able to pay, 24 months of supervised release, $700 special assessment, restitution of $700,767.52, and forfeiture is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).

**FACTUAL AND PROCEDURAL BACKGROUND**

The Defendant was arrested in this matter on June 6, 2025. Presentence Investigation Report ("PSR") at ¶ 1. On November 6, 2025, the Defendant waived indictment and pled guilty to a seven-count Information charging him with bank fraud in violation of 18 U.S.C. § 1344 and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). PSR ¶ 2.

## I. CHARGED CONDUCT

On May 22, 2023, the U.S. Treasury issued two checks made payable to an entity in New York called AFGO Mechanical Services, Inc. PSR ¶ 8. Treasury Check 4045-2541-4272

("Treasury Check 1") was for $176,468.84. PSR ¶ 8. Treasury Check 4045-25379903 ("Treasury Check 2") was for $524,298.68. PSR ¶ 8. The checks were issued for an Employee Retention Tax Credit pursuant to tax forms filed for 2020 and 2021. PSR ¶ 8.

A little over a month after the checks were issued, on June 12, 2023, articles of incorporation for an entity based in Massachusetts called AFGO Mechanical Services, Inc. were filed. PSR ¶ 9. The Articles of Organization listed Defendant as the President, Treasurer, Secretary, Vice President, Director, and Registered Agent for the business. PSR ¶ 9. Also, in 2023, the IRS assigned an Employee Identification Number ("EIN") ending 3324 to the Massachusetts-based AFGO Mechanical Services, Inc. PSR ¶ 9.

On June 13, 2023, Defendant opened a bank account for AFGO Mechanical Services, Inc. using the EIN ending 3324. PSR ¶ 10. Defendant used two forms of identification, his social security number, and date of birth in the application. PSR ¶ 10.

At some point in time, Defendant obtained Treasury Check 1 and Treasury Check 2 knowing they did not belong to him or the AFGO Mechanical Services, Inc. entity he created. PSR ¶ 11. On June 21, 2023, OPARA deposited Treasury Check 1 for $176,468.84 into the AFGO Mechanical Services, Inc. bank account he opened. PSR ¶ 11. On July 3, 2023, OPARA deposited Treasury Check 2 for $524,298.68 into the AFGO Mechanical Services, Inc. bank account he opened. PSR ¶ 11.

After depositing these checks, that Defendant knew had been fraudulently obtained, Defendant engaged in a number of transactions with the illegally obtained proceeds, that Defendant knew were designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds. PSR ¶ 12. Those transactions included the following:

- June 28, 2023 — Defendant obtained a $63,000 official check payable to an entity controlled by Eric Banks, a defendant in a case related to this scheme. PSR ¶ 12.
- July 3, 2023 — Defendant obtained a $97,800 official check made payable to another entity to which multiple defendants involved in this scheme sent money. PSR ¶ 12.
- July 8, 2023 — Defendant obtained a $225,000 official check made payable to another entity to which multiple defendants involved in this scheme sent money. PSR ¶ 12.
- July 8, 2023 — Defendant wrote a check to an entity involved in this scheme for $140,000.25 with a memo that said it was for "General Construction." PSR ¶ 12.
- July 8, 2023 — Defendant wrote a check to an entity involved in this scheme for $140,000 with a memo that said it was for "Food Supply." PSR ¶ 12.

## DISCUSSION

### *A. Sentencing Guidelines Calculation*

#### 1. Total Offense Level

Probation has calculated the Defendant's total offense level as 18. PSR ¶ 30. This is based on a base offense level of seven (U.S.S.G. § 2B1.1(a)(1); a 14-point enhancement for causing a loss of $700,767.52 (U.S.S.G. §2B1.1(b)(1)(H)); a two-point enhancement for being convicted of violating 18 U.S.C. § 1956 (U.S.S.G. §2S1.1(b)(2)(B)); a two-point reduction for being a zero-point offender (U.S.S.G. §4C1.1); and a three-point reduction for acceptance of responsibility (U.S.S.G. §3E1.1(a), (b)). PSR ¶¶ 21-30. The Government agrees with this calculation.

2. Criminal History

Probation has calculated the Defendant's criminal history category as I, because the Defendant has no criminal convictions. PSR ¶¶ 32-35. The Government agrees with this calculation.

3. Guideline Range

Probation noted that the Guideline Range for a total offense level of 18 and Criminal History Category I is 27-33 months. PSR ¶ 84. The Government agrees with this calculation.

***B. Application of the Section 3553(a) Factors***

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide for the needs of the defendant. They also require courts to consider the kinds of sentences available and the Guidelines Sentencing Range ("GSR"). Here, the Government believes that the proposed sentence of 12 months and one day imprisonment, a fine within the Guidelines sentencing range if the Defendant is able to pay, 24 months of supervised release, $700 special assessment, restitution of $700,767.52, and forfeiture is sufficient, but not greater than necessary, to achieve the goals of § 3553(a)(2).

The Defendant stole over $700,000 of government funds. The conduct was not impulsive, but rather involved multiple steps and forethought. The Defendant formed a business entity, helped obtain an EIN for this entity, and then opened a bank account for this entity before

depositing the stolen Treasury checks. Given the amount of money stolen, and the amount of planning and thought that was required to commit these crimes, a serious penalty is justified.

A serious penalty is also warranted to promote respect for the law. As detailed above, these were not poor decisions made in the heat of the moment, but rather the result of meticulous planning. An intentional plan to steal over $700,000 from the government warrants a serious penalty.

The Defendant reports having a supportive family, but his father passed away at a young age, while the Defendant was just 15 years old. PSR ¶¶ 40-53. Defendant has no criminal history. While reporting it is not currently a problem, Defendant reported some past periods of substance abuse to cope with his father's death and then with the death of a close friend. PSR ¶¶ 58, 63-68. The Defendant also noted that he was partly motivated to commit these crimes because of financial stress from losing $250,000 in his trading business. PSR ¶ 59. While the tragedy in Defendant's life is certainly sympathetic, the response to abuse drugs and engage in fraud is not acceptable. The Defendant has shown an ability to be a productive member of society and is currently employed and engaging in positive behaviors to cope with stress.

Balancing all of the factors here, the Government believes that its proposed sentence of 12 months and one day imprisonment, a fine within the Guidelines sentencing range if the Defendant is able to pay, 24 months of supervised release, $700 special assessment, restitution of $700,767.52, and forfeiture is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). Therefore, the Government requests that the Court impose its recommended sentence.

Respectfully submitted,

LEAH B. FOLEY
Acting United States Attorney

/s/ Brian J. Sullivan
Brian J. Sullivan
Assistant United States Attorneys
John J. Moakley U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA 02210
Phone: (617) 748-3100
brian.sullivan@usdoj.gov

Date: June 24, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Brian J. Sullivan
BRIAN J. SULLIVAN
Assistant United States Attorney

Dated: June 24, 2026